IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| 1776 AMERICAN PROPERTIES IV LLC, et. al.[1] | § § § § | CASE NO. 17-30422-H5-11 |
| DEBTORS. | § § § § | |
| APRF SP-1 LLC, ARICA LANE LLC, AUSTIN ROAD PARTNERS LLC, HAZELWOOD BROWNSTONE LLC, HAZELWOOD MANAGEMENT SERVICES LLC, REIMS HOLDINGS LLC AND STAUNTION STREET PARTNERS LLC *PLAINTIFFS* V. | § § § § § § § § § § § § | ADVERSARY NO. 17-_____ |
| BLAVESCO LTD. *DEFENDANT* | § § § | |

**ORIGINAL COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATES, VIOLATION OF THE AUTOMATIC STAY, BREACH OF CONTRACT, AND UNJUST ENRICHMENT**

COMES NOW APRF SP-1 LLC, ARICA LANE LLC, AUSTIN ROAD PARTNERS LLC, HAZELWOOD BROWNSTONE LLC, HAZELWOOD MANAGEMENT SERVICES LLC, REIMS HOLDINGS LLC AND STAUNTION STREE PARTNERS LLC ("Plaintiffs" or "Debtors") and file this Original Complaint For Turnover of Property of the Estates, For Violation

---

[1] The Debtors in the main bankruptcy cases, along with the last four digits of their respective taxpayer ID numbers, are 1776 American Properties IV LLC (3677), 1776 American Properties V LLC (4327), 1776 American Properties VI LLC (8392), 1776 American Properties VII LLC (9340), 1776 American Properties VIII LLC (8277), APRF SP1-1 LLC (3543), Arica Lane LLC (2643), Austin Road Partners LLC (2582), Hazelwood Brownstone LLC (0949), Hazelwood Management Services LLC (1694) Independence Construction and Finance Inc. (8618), Reims Holdings LLC (8989) and Staunton Street Partners LLC (2406).

of the Automatic Stay, Breach of Contract, and Unjust Enrichment, and would respectfully show the Court as follows:

## I.  PARTIES

1.      Plaintiffs are APRF SP-1 LLC, ARICA LANE LLC, AUSTIN ROAD PARTNERS LLC, HAZELWOOD BROWNSTONE LLC, HAZELWOOD MANAGEMENT SERVICES LLC, REIMS HOLDINGS LLC AND STAUNTION STREET PARTNERS LLC, and are debtors in possession in the above styled Chapter 11 bankruptcy cases.

2.      Defendant Blavesco Ltd., may be served with process by delivering a copy of the summons and complaint to its principal place of business via US mail at 2219 Sawdust Road, Suite 1604, The Wooodlands, Texas 77380, or by delivering a copy of the summons and complaint to its attorney of record, Miles Cohn, Five Houston Center, 1401 McKinney, 17th Floor, Houston, Texas 77010.

## II.  PRELIMINARY STATEMENT

3.      Plaintiffs bring this action to recover not less than $281,549.74 due from November and December 2016, and January 2017 rents collected by Blavesco and owed to the Debtors. Despite Blavesco's own documents reflecting that the Debtors are owed rents for the time period in question (even based upon Blavesco's flawed methodology) Blavesco failed to comply with the clear terms of the property management agreements and remit rents to the Debtors.

## III. JURISDICTION AND VENUE

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 because this is a proceeding arising in or related to a case under the Bankruptcy Code. Pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7008(a), Plaintiff state that this is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(A), (B), (E) and (O).

Pursuant to Bankruptcy Rule 7001(1) and (2), this action is properly before the Bankruptcy Court. Venue is proper in this district pursuant to 28 U.S.C. 1409(a) because the chapter 11 cases this adversary proceeding relates to are pending in this district.

## IV. CONSTITUTIONAL AUTHORITY

5.  This Court has constitutional authority to sign a final judgment in this adversary proceeding because unlike *Stern v. Marshall*, the resolution of this dispute is not within the exclusive jurisdiction of the Article III judiciary and not based on state common law. *See Stern v. Marshall*, --- U.S.---, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) (holding that bankruptcy courts do not have the constitutional authority to enter a final judgment or orders on matters that fall within Article III judges' exclusive authority, including disputes based on state common law).

6.  Further, this matter falls within the "public rights" exception to the general rule that only an Article III judge may enter a final judgment because this suit concerns a public scheme for restructuring debtor-creditor relations, necessarily including "the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." *Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006)* (emphasis added). This case concerns a dispute that must be resolved in order to determine the appropriate distribution among the Debtors' creditors. The turn-over of property of the estates is part of the "public rights" exception, as it involves the exercise of the Bankruptcy Court's *in rem* jurisdiction over the estate. *See Amegy Bank Nat'l Assoc. v. Brazos M&E, Ltd. (In re Bigler LP)*, 458 B.R. 345, 370 (Bankr. S.D. Tex. 2011).

7.  Plaintiffs consent to the entry of a final judgment by this Court.

## V.  FACTUAL BACKGROUND

8.  The Debtors each own income producing residential and/or commercial property. Beginning in 2013 and from time to time thereafter, the Debtors hired Defendant to provide Leasing and Property Management Services (the "Agreements"). Defendant collected rents from the tenant's occupying the Debtors' property for the months of November and December 2016 and January 2017, and refuses to remit the funds owed to the Debtors. Generally, the Agreements provide that the Defendant is required to:

> "remit, each month, the following items to the Owner: (a) funds collected by Broker for Owner under this agreement, less authorized deductions; and (b) statement of receipts, disbursements, and charges ....[2]"

A summary of the relevant terms of each agreement for the respective debtor is as follows:

| Debtor | Expiration Date | Management Fee | Maximum repair cost without owner consent. |
|---|---|---|---|
| APRF SP1-1 | 6/30/2016 | 5% gross rent | $1,500 total for ten units |
| Arica Lane | 6/30/2016 | 5% gross rent | $150.00 |
| Austin Road | 6/30/2016 | 5% gross rent | $500.00 |
| Hazelwood Brownstone | 7/31/2018 | $100.00 flat fee | $1,000.00 |
| Hazelwood Management Services | 6/30/2016 | 5% gross rents | $500.00 |
| Reims Holdings | 6/30/2016 | 5% gross rents | $150.00 |
| Staunton Street | 12/31/2016[3] | 5% gross rents | $1,000.00[4] |

9.  Even though the nearly all the management agreements had terminated per their terms, the Debtors continually attempting to regain possession of their properties, and the Texas State Court's order providing that the Debtors could terminate the Agreements effective December 31, 2016, (entitling the Debtors to possession an control of their respective properties on January

---

[2] See Agreements, Page 3, Paragraph B(3), attached hereto as **Exhibit "A"**.
[3] Per court order, otherwise renewal term expired 6/10/17.
[4] Per the Blavesco Custodian on August 27, 2016, none of the entities would incur an expense above $1,000 without the consent of the Debtors.

1, 2017), Blavesco refused to allow Plaintiffs to regain possession and control of their respective properties and wrongfully refuses to pay over rents for November and December 2016, and January 2017, to the respective property owner.[5]

10. From November 2016 through January 2017, according to Blavesco's own records, Blavesco collected at least $295,021.13 in rents (belonging to the Debtors). Attached hereto as **Exhibit "B"** is a chart reflecting that amounts of rents collected during the time period in question. Blavesco refuses to turn over any of the rents owed to the Debtors. Instead, Blavesco is attempting to extort a settlement of its highly contested claim against Jeff Fisher by holding the Debtors' rents hostage.

11. Even assuming that Blavesco would be entitled to management fees and approved expenses for November, December, and January, Blavesco's 5% management fee would be $13,471 (see Exhibit A), and the Debtors would still be entitled to immediate turnover to the balance of the rents, less approved expenses. Here, Blavesco's control over the Debtors' properties has essentially allowed Blavesco to incur unsubstantiated (and many unauthorized) expenses. Again, Blavesco refuses to turn over any amounts to the Debtors. Blavesco's records reflect that it unilaterally deducted and paid itself management fees and expenses for the three months totaling $138,866.13. Even though many of those fees or expenses are not permitted or authorized, there would still be a balance owed to the Debtor of $163,155.00 ($295,021.13 - $131,866.13 = $163,155.00). Again, and without any justification, Blavesco refuses to turn over any of these rents to the Debtors (even the undisputed $163,155.00).

---

[5] Debtors reserve all their rights as to February 2017 rents as the a complete accounting of post-petition rents received by Blavesco has not been completed.

## VI. REQUESTED RELIEF & CAUSE OF ACTION

A. **Turnover of Property of the Estate.**

12. Plaintiffs' repeat, reallege and incorporate by reference the allegations contained in paragraphs 1-11 of this Complaint as though fully set forth in this cause of action.

13. Section 542(b) of the Bankruptcy Code provides that ". . . an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor." 11 U.S.C. § 542(b).

14. As fully alleged above, Blavesco was obligated to pay Debtors funds collected by Blavesco, less authorized deductions, each month. The amount due to Plaintiffs from Blavesco is property of Plaintiffs' estates under section 541(a) of the Bankruptcy Code.

15. Blavesco has failed to pay Plaintiffs any of the rents due. Accordingly, pursuant to section 542(b) of the Bankruptcy Code, Plaintiffs request an order compelling and directing Blavesco to turn over to Plaintiffs the full value of the rents, plus interest which has accrued since the end of the respective month when they were due to the Plaintiffs, and which will continue to accrue until payment is made to Plaintiffs.

B. **Breach of Contract**

16. Plaintiffs repeat, reallege, and incorporates by reference the allegations contained in paragraphs 1-15 of this Complaint as though fully set forth in this cause of action. In the alternative and without waiving the foregoing, the property management agreements were enforceable contracts. Further, any conditions precedent have been performed, have occurred, or have been waived. Blavesco breached the property management agreements by failing to remit the rents to the Plaintiffs. As a result, Plaintiffs have been damaged in an amount to be proven at

trial, but not less than $163,155.00 (but likely much higher), plus interest which has accrued since the rents should have been remitted to the Plaintiffs and which will continue to accrue until final payment is made to Plaintiffs. Further, based upon Blavesco's breach of contract, Plaintiffs are entitled to an award of attorneys fees as the Court deems just and proper.

### C. Unjust Enrichment

17. Plaintiffs repeat, reallege, and incorporates by reference the allegations contained in paragraphs 1-16 of this Complaint as though fully set forth in this cause of action. As a result of Blavesco's breach of its obligations to the Plaintiffs under the property management agreements and Blavesco's failure to pay Plaintiffs rent owed to the respective Plaintiff, Blavesco obtained an unjust windfall at the expense of Plaintiffs.

18. Blavesco has been improperly and unjustly enriched at Plaintiffs' expense as a result of Blavesco's actions. Plaintiffs have not received any of the $295,021.13 in rents received by Blavesco because of Blavesco's bad faith calculations and unauthorized charges. Equity and good conscience require that Blavesco pay to Plaintiffs not less than $163,155.00, plus prejudgment interest.

### D. Violation of the Automatic Stay

19. Plaintiffs repeat, reallege, and incorporate by reference the allegations contained in paragraphs 1-18 of this Complaint as though fully set forth in this cause of action. Pursuant to section 362(a)(3) of the Bankruptcy Code, the filing of a voluntary case under Chapter 11 of the Bankruptcy Code operates to stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" absent an order of the bankruptcy court granting relief from the stay. 11 U.S.C. § 362(a)(3).

20. Under section 105(a) of the Bankruptcy Code, this Court may "issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under this section, this Court may grant damages to punish violations of the automatic stay.

21. The full amount of the properly calculated rents constitutes property of Plaintiffs' estates and Blavesco's retention of any such amount, therefore, constitutes an impermissible "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Accordingly, Blavesco's retention of the entire $295,021.07 of constitutes an impermissible "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

22. Accordingly, Plaintiffs are entitled to (1) a declaratory judgment that Blavesco acted in express violation of section 362 of the Bankruptcy Code; and (2) pursuant to section 105(a) of the Bankruptcy Code, an award of monetary damages, in an amount to be determined at trial and including (but not limited to) Plaintiffs' actual damages, costs, and attorneys' fees and expenses, on account of Blavesco's knowing and willful violation of the automatic stay.

## VII. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, APRF SP-1 LLC, ARICA LANE LLC, AUSTIN ROAD PARTNERS LLC, HAZELWOOD BROWNSTONE LLC, HAZELWOOD MANAGEMENT SERVICES LLC, REIMS HOLDINGS LLC AND STAUNTION STREET PARTNERS LLC, prays that Defendant be cited to appear and file its answers herein and be in all things denied, and that Plaintiffs has and recover judgment of and from Defendant for an:

    a.    Order compelling and directing Blavesco Ltd., to turn over the full amount of rents collected for November, December 2016 and January 2017.

    b.       Order and Judgment awarding Plaintiffs damages from Blavesco Ltd., in an amount to be determined at trial, but in all events, not less than $163,155.00, plus interest accrued and that will continue to accrue until full payment is made to Plaintiffs;

    c.       Order for declaratory judgment that Blavesco Ltd., acted in express violation of section 362 of the Bankruptcy Code; and (2) pursuant to section 105(a) of the Bankruptcy Code, an award of monetary damages, in an amount to be determined at trial and including (but not limited to) Plaintiffs actual damages, costs, attorneys fees and expenses, on an account of Blavesco's knowing and willful violation of the automatic stay.

    d.       All costs of court and for such other and further relief to which Plaintiff may show itself to be justly entitled.

DATED:  March 3, 2017

Respectfully submitted,
ANDREWS MYERS, PC

/s/ T. Josh Judd
T. Josh Judd
SBN: 24036866
3900 Essex Ln, Suite 800
Houston, TX 77027
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com

*Counsel for the Plaintiffs*

4825-0051-9492, v.  1