IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § § § § § § | CASE NO. 17-30422-kkb |
| 1776 AMERICAN PROPERTIES IV LLC, et al | CHAPTER 11 |
| DEBTOR | |

| | |
|---|---|
| APRF SP-1 LLC, ET AL, § § § § § § § § § § § § | |
| PLAINTIFFS | ADVERSARY NO. 17-3140 |
| V. | |
| BLAVESCO LTD., | |
| DEFENDANT | |

**DEFENDANT'S MOTION TO ABSTAIN**

**RULE 9013 NOTICE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Blavesco Ltd. ("Blavesco"), Defendant in this adversary proceeding, moves the Court to abstain from hearing this action, pursuant to 28 U.S.C. §1334(c)(1), and respectfully states:

**Introduction and Summary of Motion**

1. The issues presented in this case are all part of a larger proceeding – and indeed, one that involves not only other issues but other parties as well. The pending proceeding is a state court action that was pending for more than seven months when these bankruptcy cases were filed. In addition to the discovery taken during that period, a number of orders were entered and, in an *agreed* injunction signed in November 2016, the case has been set for trial on August 21, 2017.

2. Moreover, the key defendant in the state court lawsuit is Jeff Fisher, an individual who is closely tied to both the Debtors and their largest creditors – and who claims, among other things, to be entitled to continue acting in those multiple capacities including serving as an officer of Blavesco. As Mr. Fisher contends that the automatic stay bars the suit as to him personally though he is not a debtor in this case, the state court is in fact the only place that all related claims involving all parties can be resolved. Blavesco thus submits that permissive abstention, pursuant to 28 U.S.C. §1334(c)(1), is appropriate in this case.

**Procedural Background**

3. Blavesco is a Texas corporation formed by Heather Carlile and Jeff Fisher. Mr. Fisher was until recently the sole director of the corporate manager of each of the Debtors, while at the same time serving as the sole director and agent for each of non-bank lenders in these cases.[1]

---

[1] At the suggestion of Debtors' counsel, Mr. Fisher has resigned as a director of the managing entity. However, Mr. Fisher testified in his deposition on March 28, 2017, that he continues to act as an advisor to the newly-appointed director, Erich Mundinger, and that Mr. Fisher's management company, 1776 Investment Management, Ltd., continues to serve as an investment advisor to the Debtors – while at the same time he serves as director and investment manager for all of the non-bank lenders in the case. Fisher Deposition at 36, 48.

4.	Disputes arose in 2016 between Ms. Carlile and Mr. Fisher, and Ms. Carlile filed a lawsuit, individually and on behalf of Blaveco, against Mr. Fisher, the Debtors and several other Fisher-related entities.[2]  In that lawsuit, the court quickly recognized the need for independent management and thus appointed Michael D. Stein as convervator for Blavesco.  Mr. Stein is currently serving in that position and thus  represents the company and has retained the undersigned counsel.  Mr. Stein was not appointed to "take sides" in this shareholder dispute, rather it is his task to seek a resolution of claims as expeditiously as possible.

5.	Broadly speaking there are two types of claims in the *Blavesco* lawsuit.  First, there are accounting issues and other disputes related to the termination of Blaveco's management of the Debtors' properties.  These include (i) the amount of rents collected by Blavesco that are due to the Debtors, (ii) the expenses and other sums to which Blavesco is entitled,  and (iii) compliance with other terms of an agreement, dictated into the record in state court, under which management of the Debtors' properties was to be transferred to other management companies.[3]

6.	The second type of claim consists of tort causes of action against Mr. Fisher and his companies, principally his breaches of fiduciary duty committed when, while president and a director of Blavesco, he surreptitiously formed new management companies and moved both the management of properties and the lucrative brokerage arrangements from Blavesco to other parties under his control.  The Debtors were joined in those claims because of their intimate involvement

---

[2] *Heather Carlile, individually and on behalf of Blavesco Ltd. v. Jeff Fisher, et al*; Case No. 2016-39514 in the 11th District Court of Harris County, Texas (the "Blavesco Lawsuit").

[3] Among other things, the agreement provides that Mr. Fisher will resign as an officer and relinquish his stock in Blavesco, which will allow the conservatorship to terminate – and thus save the cost of Mr. Stein's fees and expenses.  To date, Mr. Fisher has refused to comply with this agreement.  When asked what was his current business during his deposition on March 28, 2017, Mr. Fisher responded that he is "the director of Blavesco."

in this scheme, as owner of the properties acting under Mr. Fisher's direction and as participants in his tortious conduct.

7. The Blavesco Lawsuit is the only proceeding in which all claims, against all parties including the Debtors as well as related claims against Mr. Fisher, are presented. There have been a number of hearings, agreements and orders in the case, including a detailed agreement dictated into the record on November 15 and 16, 2016, pursuant to which a determination has already been made regarding some of the accounts in dispute and an agreed temporary injunction has been entered. Pursuant to that agreement, trial is scheduled for August 21, 2017.

## Grounds for Motion to Abstain

8  Blavesco does not assert that abstention is mandatory, rather it is an appropriate exercise of the court's discretion in this case. As the Fifth Circuit has stated, "Although the court is not required to abstain under §1334(c)(2), it may discretionarily decline to hear the proceeding under §1334(c)(1)."

9  Section 1334(c)(1) provides, "nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Courts often find it appropriate to permissively abstain "where some, but not all, of the requirements for mandatory abstention are met." *See, e.g.*, *In re Gober*, 100 F.3d at 1206-07; *In re Ferretti Constr., Inc.*, 208 B.R. 396, 398 (Bankr. S.D. Tex. 1995) ("[T]he presence of several of the factors enumerated as pertinent to mandatory abstention afford a strong basis for permissive abstention.").

4

10      Courts consider a number of factors in deciding whether to abstain from hearing a case filed in bankruptcy court or to remand a case that has been removed from state court.[4] *Special Value Continuation Partners, L.P. v. Jones,* 2011 WL 5593058, at *7–8 (Bankr.S.D.Tex.2011)." *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014). In determining whether to exercise their "broad discretion" to abstain, courts in this jurisdiction typically examine the following non-exclusive factors:

(1)     the effect or lack thereof on the efficient administration of the estate;

(2)     the extent to which state law issues predominate over bankruptcy issues;

(3)     the difficult or unsettled nature of applicable law;

(4)     the presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5)     the jurisdictional basis, if any, other than § 1334;

(6)     the degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7)     the substance rather than the form of an asserted core proceeding;

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)     the burden of the bankruptcy docket;

(10)    the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11)    the existence of a right to a jury trial;

(12)    the presence in the proceeding of non-debtor parties;

(13)    comity; and

---

[4] The analyses under Sections 1334(c)(1) and the removal statute, 28 U.S.C. 1452(b), are essentially identical. *J.T. Thorpe Co. v. American Motorists*, 2003 WL 23323005, at *6 (S.D. Tex. 2003).

(14) the possibility of prejudice to other parties in the action.

*In re NC12, Inc.*, 478 B.R. 820, 832-33 (Bankr. S.D. Tex. 2012), and cases cited therein. These factors militate in favor of this Court exercising its discretion to abstain.

11. Factors 1 (efficient administration), 4 (the presence of related proceedings in state court, and (6) the degree of relatedness or remoteness to the main proceeding, all support abstention because the state court action involves all parties and issues and is set for trial, by agreement, in less than five months from this date.

12. Factors 2 (whether state law predominates), 3 (the difficulty or unsettled nature of the applicable law) and 5 (jurisdictional basis of the claims) all militate in favor of abstention because the state court lawsuit, and the offsets asserted by Blavesco, arise entirely under common principles of state law – both contract and tort – with which the state court is familiar and on which it has already issued a number of rulings in this case.

13. Factors 8 (feasibility of severing state law claims) and 10 (the likelihood that this proceeding involves forum shopping) both militate strongly in favor of abstention. Indeed, these cases were not filed until the state court issued a sanctions order against Mr. Fisher[5] and determined the amount owed to Blavesco for expenses to October 31, 2016,[6] and just before hearings that had been set for January 30, 2016, on two key motions.[7] Moreover, Mr. Fisher has relied on the filing of these bankruptcy cases to assert that not only the Debtors but *Mr. Fisher personally* and the *other*

---

[5] The state court entered a sanctions order on December 30, 2017, assessing an award of costs against Mr. Fisher personally, as a discovery sanction, in the amount of $67,461.81.

[6] Also on December 30, 2017, the state court issued an order setting the amount owed to Blavesco, for expenses incurred through November 2017, in the amount of $138,154.

[7] The motions set for hearing on January 30 were (i) a motion to enforce the court's prior order compelling production of documents and (ii) a motion to disburse funds in the registry of the court to Blavesco per the December 30 order on expenses.

*non-debtor parties* are all protected by the automatic stay.  On that basis, Mr. Fisher has refused to refusing to relinquish control of Blavesco pursuant to the agreement to which he himself, as well as the Debtors and the non-debtor affiliates, agreed on the record in November 2015.

14. Moreover, Blavesco is the only party suing the Debtors and the only one with which they have an apparent conflict.  Mr. Fisher has conceded, in his March 28, 2017, deposition in connection with Blavesco's motion for relief from stay, that (i) the Debtors are current with their two bank creditors, (ii) the property taxes listed on the Debtors' schedules are all for the year 2016, and (iii) virtually all the remaining debt save the obligations in dispute with Blavesco are loans to overseas entities *for which Mr. Fisher is the sole director and representative*.  There is simply no purpose for these bankruptcy cases other than to delay resolution of the Blavesco disputes in state court.

15. Factors 11 (the existence of a right to jury trial), 12 (the presence of non-debtor parties, 13 (comity) and 14 (possibility of prejudice to other parties in the action) likewise militate in favor of a state court action in which other parties are present, a jury has been demanded, and proceeding in this court would require Blavesco to re-litigate matters already decided (and to a great extent, agreed upon) in state court.

Considering all of these factors, permissive abstention is clearly warranted.

WHEREFORE, Defendant Blavesco Ltd. prays that the Court abstain from hearing this action pursuant to 28 U.S.C. §1334(c)(1),

Dated: April 8, 2017

        Respectfully submitted,

        CRAIN, CATON & JAMES, P.C.

        By:   */s/H. Miles Cohn*

        H. Miles Cohn
        Texas State Bar No. 04509600
        1401 McKinney Street, 17th Floor
        Five Houston Center
        Houston, Texas 77010-4035
        Telephone (713) 752-8668
        Facsimile (713) 658-1921
        mcohn@craincaton.com
        **ATTORNEYS FOR DEFENDANT,**
        **BLAVESCO LIMITED**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy foregoing Defendant's Motion to Abstain has been served on this the 8th day of April, 2017, by ECF electronic service, to Plaintiff's counsel.

        */s/H. Miles Cohn*
        H. Miles Cohn